[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to the court pursuant to summons and complaint dated November 24, 1998 and returnable December 28, 1998, in which complaint the plaintiff sought a dissolution of the marriage, custody of the minor child, support for the minor child, an equitable division of all real and personal property CT Page 15855 and any other remedy which in law or equity may appertain.
A motion for custody pendente lite, child support and exclusive use of the family residence accompanied the complaint and those orders or requests were acted on by the Court, Purtill, J., on January 25, 1999 granting the plaintiff temporary custody of the minor child without prejudice, visitation as agreed by the parties and support in the amount of $80.00 a week.
The defendant appeared by counsel on December 14, 1998 and at that time filed a motion on behalf of the defendant as concerns custody and child support. On the same date, December 14th, the defendant filed an answer to the complaint and a cross complaint in which cross complaint the defendant asked for a dissolution of the marriage, custody, temporary and permanent, child support, temporary and permanent, a fair and equitable distribution of assets and allowance to prosecute and an allocation of debt.
The parties filed a stipulation as concerns custody and allied matters dated January 19, 1999, which as noted above, was approved by the Court, Purtill, J.
On January 25, 1999 both the plaintiff and the defendant filed financial affidavits with the court.
On February 10, 1999 counsel for the plaintiff filed a motion for permission to withdraw as attorney. No reasons for the request were set forth within the confines of the motion. The motion, however, was granted on March 1, 1999 by the Court, Solomon, J.
On April 12, 1999 the plaintiff filed a pro se appearance in lieu of her former counsel.
On April 12, 1999 a stipulation was executed by the plaintiff and the defendant having to do with financial matters and visitation.
In a companion file, the plaintiff on December 1, 1998 filed an application for relief from abuse and a restraining order, which in due course was granted.
On November 23, 1999 the plaintiff in a pro se status and the defendant with counsel appeared before the court and the matter was heard to a conclusion. CT Page 15856
The Court makes the following findings of fact.
The plaintiff's maiden name was Dolly Miner.
The plaintiff and the defendant were joined in marriage on March 28, 1992 at Stonington.
Both of the parties have been residents of the State of Connecticut for more than one year prior to bringing the instant complaint.
The marriage has irretrievably broken down with no reasonable prospect for reconciliation.
There is one minor child born issue of this relationship whose name is Renee Lynn Gauvin, born August 16, 1995. No other minor children have been born to the plaintiff wife from the date of the marriage to the present time.
Neither party has been the recipient of welfare or assistance from the State of Connecticut or any town or subdivision thereof based on the testimony presented.
This is the first marriage for both of the parties.
The plaintiff is age 36. She characterizes her health as good. Her education extended through graduating from high school.
The plaintiff is employed as a program aide for the mentally handicapped and has had this position for between 11 and 12 years.
The child Renee Lynn Gauvin is four years old. It is represented the child is in good health and will attend kindergarten or pre-school next year.
The testimony indicated that problems in the marriage had existed for a considerable period of time prior to the action being brought.
The parties engaged in marriage counseling but to no avail.
The plaintiff requests, and the parties appear to be in agreement, that there should be joint custody of the minor child CT Page 15857 Renee Lynn with the plaintiff wife to be the primary custodial parent. The parties also request that the Court approve reasonable rights of visitation including Tuesdays and Thursdays, 5:00 p. m. to 8:00 p. m., alternate weekends, Saturday 10:00 a.m. to Sunday at 8:00 p. m., alternate holidays commencing with Christmas 1999 to the plaintiff wife, two-week vacation period to the defendant husband at a time mutually agreeable to the parties. The plaintiff to have the final word as concerns any necessity of the child being treated medically and/or in educational matters.
The parties were in agreement that there is an arrearage for support based on a prior order in the amount of $480.00. The plaintiff requests alimony in the amount of $1.00 a year. The plaintiff makes no request, mindful that she is pro se, as concerns any attorney's fees which were incurred in the past.
The plaintiff testified that the parties were the joint owners of certain real estate known as 74 Bopp Road in Canterbury.
The plaintiff valued the premises which consists of a residence, outbuildings and 14 acres at $113,000.00, with a mortgage obligation thereon of $105,000.00.
The testimony indicated that the purchase price of the property when acquired was $113,000.00 six years ago. The outbuildings consist of a small barn and a carriage shed.
No written appraisal of the real estate was made available to the Court or offered as an exhibit.
The plaintiff has a 1986 Mazda pickup motor vehicle which she values at $1,200.00 free and clear.
The plaintiff is deeply involved with caring for a variety of animals on the so-called farm, including a 16-year old draft pony, a 12-year old miniature horse, brown China geese, white China Geese, ducks, peacock, a Toulouse Goose, three Nubian doe goats, rabbits and allied animals.
The plaintiff represents that the animals were acquired by her after the date of the separation of the parties.
In addition, there is some farm equipment on the property CT Page 15858 including a hay elevator which the plaintiff represents she needs for the purpose of being able to properly feed the animals and store hay. The defendant had other animals on the farm which he took with him when the parties separated.
The plaintiff requests the contents and furnishings of the home but indicates that there are some items in the residence that the defendant should have.
The plaintiff is desirous of trying to keep this small farm, is willing to assume the mortgage on the property and hold the defendant harmless and would be willing to pay the defendant his share of the equity in the premises.
The plaintiff and the defendant resided together for a period of six years prior to separating.
The monthly mortgage payments to the lien holder according to the testimony is to the amount of $1,164.00.
The defendant is age 33. He characterizes his health as good. He is involved as an employee of the Coombs Farm where he supervises the milking operation. He has been involved in this work for approximately three years.
The defendant acknowledged that in fact the marriage has broken down and that both of the parties have changed in their personalities or outlook on life.
The defendant acknowledged that counseling did not solve or cure the domestic problems.
The defendant is agreeable to the custody arrangement set forth earlier and to support in accordance with the guidelines worksheet plus the orderly liquidation of the agreed arrearage.
The defendant is desirous of having the medical insurance for the child continued by the plaintiff mindful of the nature of her employment.
The defendant agrees to be responsible for 25% of any uncovered medical and dental benefits predicated on his present financial situation.
The defendant acknowledged the $480.00 arrearage. CT Page 15859
The defendant made no request for alimony as against the plaintiff.
The defendant is agreeable to the appointment of a neutral arbiter with regard to any items of personalty should that be necessary.
The plaintiff asks the court to treat the financial affidavit which she filed on January 19, 1999 as accurate and representative of her present financial state and mindful of her being in a pro se status.
The plaintiff regards most of the animals which she presently has on the 14-acre small farm as pets but she does engage in showing the animals at various gatherings, fairs and allied events.
The plaintiff requests that the Court consider continuing the outstanding restraining order and that it be extended to protect her parent mother.
The plaintiff's pension benefit of her position as a program aide or data entry worker will not vest for two more years.
The parties are in agreement that the items reflected on Defendant's Exhibit 1 should be delivered over to the defendant. These items are as follows: a Simplicity tractor and allied parts, a farm trailer, a spring harrow and a disc harrow, a meat saw and handmeat saw, a log splitter, a chainsaw and oil, and a milkcan and strip cup.
From the plaintiff's financial affidavit, the same being dated January 19, 1999, but by virtue of the plaintiff's affirmation as to it being accurate and correct for the purposes of the present proceeding, the Court finds that the plaintiff has a position as a program aide that her weekly gross income is $441.01. Required deductions, taxes, etc. of $198.95 for a net of $262.06. In addition, the plaintiff apparently receives $50.00 a week from her parent mother for room and board at the residence.
The plaintiff has weekly overtime compensation of a gross amount of $196.75, apparently on a regular basis, with a net of $157.64. Total net weekly income then to the plaintiff of $399.70. CT Page 15860
The plaintiff states that her weekly expenses amount to $526.44. The plaintiff shows a number of modest debts totaling $2,565.94.
As earlier indicated, the plaintiff has valued the 74 Bopp Road property in Canterbury at $113,000.00 with an outstanding mortgage balance of $105,990.51 for an equity of $7,009.46.
The plaintiff shows a 1986 Dodge valued at $500.00 free and clear, no valuation appears on her financial affidavit with regard to the animals located on this small farm.
The plaintiff shows $863.42 in the Chelsea Savings bank account and no other assets of any consequence.
From the defendant's financial affidavit the Court observes and finds his weekly gross as milking engineer at the Coombs Farm, $304.00, itemized deductions, taxes, etc. $65.00, for a net of $239.00.
Attached to the defendant's affidavit is a Schedule A reflecting outstanding debts and liabilities totaling $10,939.00.
The defendant values the 74 Bopp Road Canterbury farm at a $130,000.00, with a mortgage of $107,000.00 for an equity for the difference.
The defendant apparently endeavors to apportion the farm as to the residence, outbuildings and a portion of the land and treats a portion of the land as having a separate value which he reflects at $32,000.00. All of the property however is covered within the four corners of the outstanding mortgage and as best the Court can devine was conveyed as a single contiguous piece.
The defendant has a 1986 Pontiac valued at $500.00 free and clear. No other assets.
The defendant acknowledges from the various debts shown on Schedule A of his financial affidavit that a portion of those debts; to wit, debts for feed and grain, the debt to Exley Raymond, his employer Coombs, and a debt of $5,000.00 to a parent are all his personal responsibility.
When the defendant left the marital residence, he took CT Page 15861 animals that belonged to him with him and apparently since that date has acquired other animals which he keeps and tends at his present location of residence.
 Discussion
This is a marriage of approximately seven years and nine months.
It is the first marriage for both parties.
There is one minor child, age four, issue of this relationship.
The financial circumstances of both of the parties are extremely modest.
It appears extremely important to the plaintiff to try and keep and maintain the farm although the monthly mortgage payments are quite substantial.
Both of the parties are limited in the extent of their formal education.
There does not appear to be any one item that has caused the parties to become involved in a petition for dissolution and therefore the Court makes no finding as concerns the issue of fault pertaining to the breakdown.
 The Law
The Court has considered all of the statutes which apply in matters of this nature including C.G.S. § 46b-82 regarding alimony and 46b-84 as concerns support.
The Court has considered all of the applicable case law that governs the matter.
The Court has considered the testimony of all witnesses, their candor or lack thereof and all exhibits and the arguments of counsel.
The Court has considered the length of the marriage, the problems with which it was beset, the age, health, station, occupation, employability, estate and the needs of the parties CT Page 15862 based on what is available to the Court.
The Court has considered the standard of living of the parties as best it can and the present financial situation that exists.
The Court enters the following orders.
There shall be joint custody of the minor child Renee Lynn Gauvin, age 4, with the wife being the primary custodial parent.
There shall be reasonable rights of visitation including Tuesdays and Thursdays, 5:00 p. m. to 8:00 p. m., alternate weekends, Saturday 10:00 a.m. to Sunday at 8:00 p. m., alternate holidays commencing with Christmas 1999 to the plaintiff wife, a two-week vacation period to the defendant husband during the summer months on dates to be mutually agreed upon by the parties.
The plaintiff mother to have the final definitive word as concerns medical treatment that might be needed for the child and/or educational matters, but the defendant is and shall be entitled to expressing his views and providing input with regard to those two areas.
Support for the minor child Renee Lynn Gauvin to be $65.00 per week payable by the defendant to the plaintiff.
The Court finds in accordance with the agreement of the parties expressed at trial that there is a support arrearage that exists at this time in the amount of $480.00. In order to have that liquidated in an orderly fashion, the defendant shall pay $15.00 a week in addition to the aforementioned support until said sum has been liquidated.
As concerns the aforementioned two-week summertime vacation period, the defendant shall give reasonable notice to the plaintiff as to the time frame which is requested.
Mindful of the plaintiff's employment and the relative stability thereof, the plaintiff shall maintain medical insurance coverage for the benefit of the minor child Renee Lynn, as the same is available to her incident to her position.
In the event that the plaintiff should lose said coverage incident to her position, the defendant shall provide the same. CT Page 15863 Any medical, dental, optical or like medical matters that are not covered by insurance are to be apportioned at this time on the basis of 75% to the plaintiff and 25% to the defendant.
The Court grants the plaintiff alimony in the amount of $1.00 a year for a period of five years non-modifiable as to term.
As to the real estate known as 74 Bopp Road in Canterbury, the so-called small farm, the title to which stands in the joint names of the parties subject to a mortgage, the Court directs that the defendant shall execute a good and sufficient quit claim deed conveying his equity interest in the real estate to the plaintiff. The same to be accomplished within a period of three months.
The Court has accepted the valuation of the property and the mortgage obligation as indicated by the plaintiff and further directs that at the time of the conveyance that the plaintiff shall pay to the defendant the sum of $3,500.00 representing one-half of the approximate equity in the premises.
The Court is mindful of the defendant's request as concerns endeavoring to sever a portion of the land from the whole and accord the same to the defendant but the Court is of the opinion that that is not a feasible course to follow on the basis of information and exhibits presently available to it plus the outstanding encumbrance on the property covers the entire parcel and any such attempt to divide or sub-divide the property might very well trigger the mortgagee making a request for immediate payment.
The plaintiff may maintain her 1986 Mazda pickup motor vehicle.
The plaintiff may retain possession of the variety of animals referred to in the findings of fact set forth above.
The plaintiff may retain the hay elevator farm equipment piece which she needs for the purpose of being able to feed the animals and store hay.
The plaintiff may retain the contents of the former marital residence with the exception of the items shown on Defendant's Exhibit 1 which shall be made available to the defendant within a period of 30 days. CT Page 15864
The Court is mindful of the plaintiff's representation that she does not have, nor is there on the property, the item referred to on Defendant's Exhibit 1 as a "come-along".
By virtue of the defendant conveying his equity interest in the farm property to the plaintiff, the instrument of conveyance may contain a paragraph indicating that the plaintiff agrees to assume and pay the outstanding mortgage and hold the defendant harmless therefrom.
The defendant may retain those animals that are presently in his possession which he removed from the farm at the time of the separation of the parties.
It may well be that it will be difficult for the plaintiff to maintain and keep the real estate mindful of the substantial mortgage payment each month, but the Court feels that she should be given an opportunity to keep the property as a home for herself and the minor child.
The defendant may retain the 1986 Pontiac automobile which is in his name.
By virtue of the defendant's testimony, he shall be responsible for the following debts shown on Schedule A of his financial affidavit which are for feed and grain and allied matters including the debt to Exley Raymond, his employer Coombs, and the obligation to his parents in the amount of $5,000.00.
The parties shall alternate taking the dependency deduction or exemption for the minor child Renee Lynn with the defendant being entitled to have the child as an exemption on even years and the plaintiff to have the deduction in odd tax years.
The plaintiff shall be responsible for the following specific debts as shown on her financial affidavit noted above. The bill to Southern New England Telephone, Connecticut Light Power, Sears, VISA and CitiBank as reflected on Schedule A attached to the defendant's financial affidavit.
The Court enters no orders as concerns matters pertaining to attorney's fees.
There has been no specific request made for restoration of CT Page 15865 maiden name and the Court enters no order incident thereto.
The plaintiff may retain whatever as yet unvested interest she has in any pension plan or 401K which may have accrued during the course of her employment.
There is no indication that the defendant has any such plan.
The plaintiff may retain the modest amount that she has in the Chelsea Savings Bank account.
The Court grants the relief requested insofar as a dissolution of the marriage is concerned.
The Court grants the same on the grounds of irretrievable breakdown and declares the parties to be single and unmarried pursuant to statute.
The alimony order entered above to terminate upon the plaintiff's earlier death or remarriage within the term stated or her cohabitation with an unrelated male as provided by statute.
In the event that there are any unresolved issues as to personal property as requested by defendant's counsel, the Court appoints Attorney Michael Blanchard as mediator and his decision shall be final.
The restraining order may be continued for its remaining term but the Court declines to extend the same to the plaintiff's mother.
Austin, J.